**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**GLORIA APONTE**
8386 Greenbriar Rd.
Wind Lake, WI 53185

Plaintiff,

and,

**WISCONSIN DEPT. OF HEALTH SERVICES**
c/o Secretary Designee, Kirsten Johnson
1 West Wilson Street
Madison, WI 53703

Involuntary Plaintiff,

vs.

**WALMART, INC.**
c/o CT Corporation System, Registered Agent
301 S. Bedford St., Ste. 1
Madison, WI 53703

**WALMART CLAIMS SERVICES, INC.**
c/o CT Corporation System, Registered Agent
301 S. Bedford St., Ste. 1
Madison, WI 53703

**WALMART REAL ESTATE BUSINESS TRUST**
c/o CT Corporation System, Registered Agent
301 S. Bedford St., Ste. 1
Madison, WI 53703

**ABC INSURANCE COMPANY**
A fictitious name for an unknown insurance company

**DEF INSURANCE COMPANY**
A fictitious name for an unknown insurance company

Defendants.

**<u>COMPLAINT</u>**

**Case No.: 24-cv-172**

---

NOW COME the above-named plaintiff, by her attorneys, Martin Law Office, S.C., and as for her claims for relief, allege and show to the Court as follows:

**PARTIES**

1. The plaintiff, Gloria Aponte, is an adult citizen and resident of the State of Wisconsin, residing at 8386 Greenbriar Rd., Wind Lake, WI 53185.

2. The involuntary plaintiff, Wisconsin Department of Health Services, is a statutorily created health insurance provider, with offices of its Sect. Designee, Kirsten Johnson, located at 1 West Wilson Street, Madison, WI 53703; that Wisconsin Department of Health Services has paid health claims on behalf of the plaintiff, Gloria Aponte, for medical care and services rendered as a result of the injuries she sustained as hereinafter set forth; that by reason of any such payments, Wisconsin Department of Health Services is a proper party hereto.

3. Upon information and belief, the defendant, Walmart, Inc., is a Delaware Corporation, and has its principal place of business and headquarters located at 702 SW 8th St., Bentonville, Arkansas, 72716. Walmart, Inc.'s registered agent for service of process in Wisconsin is CT Corporation System, located at 301 S. Bedford St., Ste. 1, Madison, WI 53703. Walmart, Inc. owns and/or operates various retail stores, including the Walmart Supercenter #4677 located at W159S6530 Moorland Rd., Muskego, WI 53150.

4. Upon information and belief, the defendant, Walmart Claims Services, Inc. (hereinafter "Walmart Claims"), is an Arkansas corporation and has its principal place of business and headquarters located at 702 SW 8th St., Bentonville, Arkansas, 72716. Walmart Claim's registered agent for service of process in Wisconsin is CT Corporation System, located at 301 S. Bedford St., Ste. 1, Madison, WI 53703. Walmart Claims, "administers liability claims

on behalf of the Walmart family of retail brands and their insurers" and is responsible for administering plaintiff's claim in this case.

5. Upon information and belief, the defendant, Walmart Real Estate Business Trust (hereinafter "Walmart Trust") is a Delaware Corporation and has its principal place of business and headquarters located at 702 SW 8th St., Bentonville, Arkansas, 72716. Walmart Trust's registered agent for service of process in Wisconsin is CT Corporation System, located at 301 S. Bedford St., Ste. 1, Madison, WI 53703. Walmart Trust owns the real estate and/or building known as Walmart Supercenter #4677 located at W159S6530 Moorland Rd., Muskego, WI 53150.

6. At all times material hereto, the defendant, ABC Insurance Company, is the fictitious name of an unknown insurance company, engaged in the business of writing and selling liability insurance; on information and belief, prior to the date of the incident described below, ABC Insurance Company issues a policy of insurance to Walmart, Inc. for claims such as hereafter set forth, and which policy of insurance was in full force and effect at the time of the incident described below; in said contract of insurance, ABC Insurance Company reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims and has a direct interest in this litigation; ABC Insurance Company is being inserted in place of the real and proper insurance company defendant, which as soon as its identity is ascertained will be substituted in place of ABC Insurance Company.

7. At all times material hereto, the defendant, DEF Insurance Company, is the fictitious name of an unknown insurance company, engaged in the business of writing and selling liability insurance; on information and belief, prior to the date of the incident described below, DEF Insurance Company issues a policy of insurance to Walmart Trust for claims such as

hereafter set forth, and which policy of insurance was in full force and effect at the time of the incident described below; in said contract for insurance, DEF Insurance Company reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims and has a direct interest in this litigation; DEF Insurance Company is being inserted in place of the real and proper insurance company defendant, which as soon as its identity is ascertained will be substituted in place of DEF Insurance Company.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between each Plaintiff and the Defendants, and the amount in controversy exceeds $75,000. Diversity of citizenship exists because Plaintiff is a citizen of Wisconsin and Defendants are citizens of Delaware and Arkansas.

9. Personal jurisdiction over Defendant is proper. Defendant has conducted substantial business in the State of Wisconsin and in this Judicial District and has committed a breach of duty causing harm in the State of Wisconsin and in this Judicial District.

10. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Judicial District because the incident from which the claims in this case arise occurred solely in the State of Wisconsin and in this Judicial District.

## FACTS

11. On or about June 16, 2021, the plaintiff, Gloria Aponte, was a frequenter of a place of employment and/or public building known as Walmart Supercenter #4677 located at W159S6530 Moorland Rd., Muskego, WI 53150.

12. On or about June 16, 2021, the plaintiff, Gloria Aponte, was washing her hands in the women's room of the Walmart Supercenter #4677; as she was stepping away from the sink,

she slipped on an accumulation of water, or other substance, that was next to the floor of the sinks, causing her to fall to the floor and sustain severe injuries, including injuries to her back and left hip.

13. Upon information and belief, Defendants, Walmart, Inc. and Walmart Trust, its servants, agents and/or employees failed to reasonably keep the premises safe and were other wise negligent in failing to monitor and clean the bathroom floor to prevent the foreseeable accumulation of water.

14. Upon information and belief, Defendants, Walmart, Inc. and Walmart Trust, its servants, agents and/or employees had actual or constructive notice of the unsafe condition in the bathroom at the time of the plaintiff's injuries.

15. As a direct and proximate result of the described incident and the negligence of the defendants, as hereinafter alleged, the plaintiff, Gloria Aponte, sustained permanent injuries and damages including past and future pain, suffering, disability and loss of enjoyment of life; past and future medical expenses; and other compensable injuries and damages in an amount to be determined at a trial of this matter.

**FIRST CLAIM FOR RELIEF: NEGLIGENCE**

16. Realleges and incorporates herein by reference the allegations of the preceding paragraphs.

17. Defendants, Walmart, Inc. and Walmart Trust, its servants, agents and/or employees, negligently breached their duty of ordinary care to the plaintiff, Gloria Aponte, including but not limited to, the following actions or inactions:

a. Negligently failed to clean up the accumulation of water or other substance on the women's bathroom floor prior to the plaintiff, Gloria Aponte, entering the area;

b. Negligently failed to monitor the bathroom for a foreseeable and hazardous accumulation of water;

c. Negligently maintained its premises in causing the hazardous accumulation of water;

d. Negligently failed to warn the plaintiff, Gloria Aponte, of the hazardous accumulation of water or other substance on the floor with cones, signs, and/or otherwise barricade the area so that patrons could not walk on the hazardous and slippery floor;

e. Negligently failed to have procedures and employees in place to regularly and timely inspect the women's bathroom and its floor in order to keep said area dry and free from hazards and dangerously slippery floors; and

f. Negligently allowed the plaintiff, Gloria Aponte, to enter the area in question when its servants, agents and/or employees knew or should have known that the floor was unreasonably hazardous and slippery.

18. The negligence of the defendants, Walmart, Inc. and Walmart Trust, as alleged, was a cause of the injuries sustained by the plaintiff, Gloria Aponte, as alleged herein, including past and future pain, suffering, disability, and loss of enjoyment of life; past and future medical expenses; and other compensable injuries and damages in an amount to be determined at a trial of this matter.

**SECOND CLAIM FOR RELIEF: SAFE PLACE VIOLATION**

19. Realleges and incorporates herein by reference the allegations of the preceding paragraphs.

20. At all times material hereto, the plaintiff, Gloria Aponte, was a patron/frequenter of the subject premises and was entitled to be on the premises where the incident occurred.

21. At all times material hereto, the defendants, Walmart, Inc. and Walmart Trust, was an employer and/or owner of a public building as defined by of sec. 101.11 of the Wisconsin Statutes (the "Safe Place Act"), and the defendants, Walmart, Inc. and Walmart Trust, had a duty pursuant to the Safe Place Act to, amongst other things, [a] furnish said premises in a manner which shall be safe for employees therein and for frequenters thereof, [b] furnish and use safety devices and safeguards on said premises, [c] adopt and use methods and processes reasonably adequate to render such premises safe, [d] do every other thing reasonably necessary to protect the life, health, safety, and welfare of employees and frequenters of said premises, and [e] construct, repair, and maintain the premises in as safe a manner as reasonably possible.

22. The defendants, Walmart, Inc. and Walmart Trust, their agents, servants and/or employees, violated the Safe Place Act by failing to [a] furnish said premises in a manner which shall be safe for employees therein and for frequenters thereof, [b] furnish and use safety devices and safeguards on said premises, [c] adopt and use methods and processes reasonably adequate to render such premises safe, [d] do every other thing reasonably necessary to protect the life, health, safety, and welfare of employees and frequenters of said premises, and [e] construct, repair, and maintain the premises in as safe a manner as reasonably possible in that they, amongst other things, failed to keep the surface of the women's bathroom floor, free and clear of water and other liquid substances, in areas where frequenters, such as the plaintiff, Gloria Aponte, would walk; failed to warn of the dangerous condition of the water or other liquid substance; and was otherwise negligent.

23. The violation of the Safe Place Act, by the defendants, Walmart, Inc. and Walmart Trust, as alleged, was a cause of the injuries sustained by the plaintiff, Gloria Aponte, as alleged herein, including past and future pain, suffering, disability, and loss of enjoyment of life; past and future medical expenses; and other compensable injuries and damages in an amount to be determined at a trial of this matter.

**WHEREFORE**, plaintiff respectfully requests that this Court enter judgement against Defendants, granting the plaintiff the following relief:

a. Compensatory damages on behalf of the plaintiff, Gloria Aponte, in an amount to be determined at a trial of this matter;

b. All costs, disbursements and actual attorney's fees and all interest due and owing;

c. Dismissal of any and all subrogation or reimbursement claims in this matter; and

d. Any other relief this court deems just and equitable.

**PLEASE TAKE NOTICE THAT THE PLAINTIFFS DEMAND A TRIAL IN THE ABOVE-ENTITLED ACTION**

Dated: 02/07/2024

**MARTIN LAW OFFICE, S.C.**
Attorney for Plaintiff(s)

*Electronically Signed by Drew J. De Vinney*

Drew J. De Vinney
State Bar No. 01088576

ADDRESS
7801 S. Howell Avenue, Ste.102
Oak Creek, WI 53154
414-856-2310 (office)
414-856-2315 (fax)
drew@martin-law-office.com